IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| SHANNON CARVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.  1:10-cv-959 |
| vs. ) | |
| ) | |
| NORTHSTAR LOCATION ) | |
| SERVICES, LLC, ) | **JURY DEMAND ENDORSED HEREON** |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, SHANNON CARVER, by and through her attorney, M. LYNETTE HARTSELL, and for her Complaint against the Defendant, NORTHSTAR LOCATION SERVICES, LLC, Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute, N.C. Gen. Stat. § 58-70-90, *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Burlington, North Carolina.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and N.C. Gen. Stat. § 58-70-90(2), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and as a "collection agency" within the meaning of N.C. Gen. Stat. § 58-70-90(1), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. On information and belief, Defendant is a limited liability company of the State of New York, which is licensed to do business in North Carolina and which has its principal place of business in Cheektowaga, New York.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7. During or about May of 2010, representatives and/or employees of Defendant, including but not limited to, individuals who represented themselves as Ms. Gloria, Mr. Hainey, Ms. Hargrove and/or Ms. Hargrave, began contacting Plaintiff by telephone in attempts to collect the aforementioned alleged debt. However, they failed to identify that the communication was from a debt collector during the course of every communication with Plaintiff.

8. Moreover, on more than one occasion, Defendant's representatives and/or employees refused to identify the name of the Defendant company, despite several requests from Plaintiff.

9. In one instance when Plaintiff asked for the name of Defendant, the caller stated "Do you want to lose your attitude, or should I lose you?" and shortly thereafter hung up on Plaintiff.

10. During at least one of the aforementioned telephone calls, Defendant's representatives and/or employees threatened to obtain a judgment against Plaintiff despite the fact that Defendant has never initiated legal action against Plaintiff, nor does Defendant have the legal standing to do so.

11. Furthermore, on at least one occasion, Defendant's representatives and/or employees used abusive language with Plaintiff, including, but not limited to telling Plaintiff to get another job to make more money.

12. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

   a. Using obscene or profane language and/or language the natural consequence of which was to abuse Plaintiff, in violation of 15 U.S.C. § 1692d(2);

   b. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

   c. Failing to disclose in every communication with Plaintiff that the communication was from a debt collector, in violation of 15 U.S.C. § 1692e(11);

   d. Placing telephone calls to Plaintiff without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6); and

3

e. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

13. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, SHANNON CARVER, respectfully prays for a judgment against Defendant as follows:

   a. Statutory damages of $1,000.00 for each violation of the FDCPA;

   b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

   c. Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the North Carolina Prohibited Practices by Collection Agencies

Engaged in the Collection of Debts from Consumers Statute)

14. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

15. In its attempts to collect the aforementioned alleged debt, Defendant violated the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute in one or more of the following ways:

   a. Using obscene or profane language and/or language the natural consequence of which was to abuse Plaintiff, in violation of N.C. Gen. Stat 58-70-100(1);

4

b.  Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of N.C. Gen. Stat. § 58-70-95(7) and (8);

c.  Failing to disclose in every communication with Plaintiff that the communication was from a debt collector, in violation of N.C. Gen. Stat. § 58-70-110(2); and

d.  By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with North Carolina law.

16. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, SHANNON CARVER, respectfully prays for a judgment against Defendant as follows:

a.  Statutory damages of $4,000.00 for each violation of the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute;

b.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c.  Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ M. Lynette Hartsell
M. Lynette Hartsell (9845)
Attorney for Plaintiff
1010 Lakeview Drive
Cedar Grove, NC 27231
(888) 493-0770, ext. 305 (phone)
(866) 551-7791 fax
Lynette@LuxenburgLevin.com